# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:15cv182

| | |
|---|---|
| MERCEDES KAMARIA POWELL MCAFEE, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>HOWARD BAER, INC. and )<br>KEITH LOVELL CAMPBELL, )<br>)<br>    Defendants. )<br>_____ ) | **ORDER** |

Pending before the Court is the Motion to Compel [# 8]. Plaintiff moves to compel Defendant Howard Baer, Inc. ("Defendant") to respond to Plaintiff's First Set of Interrogatories and Request for Production of Documents. In addition, Plaintiff seeks the imposition of sanctions against Defendant. In response to the Motion to Compel, Defendant produced a number of documents and responded to Plaintiff's First Set of Interrogatories. Upon a review of the record, the parties' briefs, and the relevant legal authority, the Court **GRANTS in part** the Motion to Compel [# 8].

## I.  Background

Plaintiff brought this action in state court on July 20, 2015. On August 12,

2015, Plaintiff served her First Set of Interrogatories and Request for Production of Documents on Defendant Howard Baer.  Defendant then removed the case to this Court.  On September 18, 2015, this Court entered its Pretrial Order.  The Court directed the parties to exchange Rule 26 disclosures by October 8, 2015.  (Order, Sept. 18, 2015.)  The Court instructed the parties that discovery closes May 1, 2016, and that Plaintiff's expert report was due by December 1, 2015.

On October 30, 2015, Plaintiff again served her First Set of Interrogatories and Request for Production of Documents on Defendant Howard Baer.  The second discovery request contained the case heading for this Court rather than the state court from which Defendant removed this action.  Defendant Howard Baer, however, failed to respond to Plaintiff's discovery request.  As a result, Plaintiff filed her Motion to Compel on January 6, 2016, seeking to compel Defendant Howard Baer to respond to Plaintiff's discovery request.  In addition, Plaintiff seeks the imposition of sanctions against Defendant for its failure to respond to discovery.  In response to the Motion to Compel, Defendant produced a number of documents and responded to Plaintiff's First Set of Interrogatories on approximately January 14, 2016.  Defendant also filed a Response to Plaintiff's Motion to Compel in order to address the imposition of sanctions.  Accordingly, both parties have now had the opportunity address the failure to respond to

discovery and whether sanctions are warranted in this case.

## II. Analysis

Rule 37 of the Federal Rules of Civil Procedure provides that where a motion is granted or where discovery is provided after the filing of a motion to compel, the Court must require the party whose conduct necessitated the motion and/or the attorney advising the conduct to pay the movant's reasonable expenses incurred in making the motion to compel, including attorneys' fees. Fed. R. Civ. P. 37(a)(5)(A). The Court, however, must not order the payment of expenses where: (1) the movant failed to attempt in good faith to obtain the discovery without court action; (2) the failure to provide the discovery was substantially justified; or (3) other circumstances make an award of expenses unjust. Id.

Here, Defendant Howard Baer provided the requested documents and responses to interrogatories only after Plaintiff was forced to file a motion to compel. Moreover, this discovery was provided approximately five months after Plaintiff first served her discovery request on Defendant Howard Baer in state court and approximately two and half months after Plaintiff again served her discovery request on Defendant after the removal of this action.

Defendant acknowledges that its responses were untimely. In fact, counsel for Defendant accepts that it was his responsibility to ensure that any discovery

responses were timely.  Counsel, however, fails to offer substantial justification for the significant delay in responding to Plaintiff's discovery requests.  In addition, the Plaintiff made good faith attempts to obtain the discovery without resorting to the filing of the Motion to Compel, and no circumstances make an award of expenses in this case unjust.  See Fed. R. Civ. P. 37(a)(5)(A).

Upon a review of the record and the relevant legal authority, the Court finds that the imposition of sanctions is warranted in this case as a result of Defendant Howard Baer's failure to respond to Plaintiff's discovery request until after Plaintiff filed the Motion to Compel.  The Court **GRANTS in part** the Motion to Compel [# 8].  The Court **DIRECTS** Defendant Howard Baer, to the extent it has not already done so, to respond fully to Plaintiff's First Set of Interrogatories and Request for Production of Documents within ten (10) days of the entry of this Order.  The Court finds that Defendant has also waived any objections to the Plaintiff's discovery request other than objections asserting any applicable privilege.

The Court also **AWARDS** Plaintiff her reasonable expenses, including attorneys' fees, in filing this motion. Counsel for Defendant Howard Baer shall be responsible for the payment of the reasonable expenses as the culpable party for the failure to respond to Plaintiff's discovery request.  The parties shall meet and

confer in person or by telephone within ten (10) days of the entry of this Order in an attempt to resolve the amount of reasonable expenses incurred by Plaintiff in filing the Motion to Compel; the parties may not confer by email. If the parties are unable to reach an agreement as to the reasonable expenses, Plaintiff shall file a motion with the Court within twenty (20) days of the entry of this Order setting forth the reasonable expenses she seeks to recover. Such motion should comply with the requirements of the United States Court of Appeals for the Fourth Circuit for determining attorneys' fees and contain sufficient information to allow this Court to determine the reasonable expenses incurred.

The Court **EXTENDS** the deadline for Plaintiff to provide her expert reports until March 15, 2016. Finally, the Court finds that the additional sanctions requested by Plaintiff, including striking the answer of Defendant Howard Baer, are not warranted in this case.

### III.  Conclusion

The Court **GRANTS in part** the Motion to Compel [# 8]. The Court **DIRECTS** Defendant Howard Baer, Inc. to respond fully to Plaintiff's First Set of Interrogatories and Request for Production of Documents within ten (10) days of the entry of this Order. The Court **AWARDS** Plaintiff her reasonable expenses, including attorneys' fees, in filing this motion. The Court **EXTENDS** the deadline

for Plaintiff to provide her expert reports until March 15, 2016.

Signed: January 28, 2016

Dennis L. Howell
United States Magistrate Judge