IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:15cv182

| | | |
|---|---|---|
| MERCEDES KAMARIA POWELL MCAFEE, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | ORDER |
| HOWARD BAER, INC. and KEITH LOVELL CAMPBELL, | ) ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

Pending before the Court is the Motion for Sanctions [# 23]. Plaintiff moves to Court to sanction Defendants for the alleged violation of this Court's prior discovery Order. Upon a review of the record, the parties' briefs, the relevant legal authority, and after the benefit of hearing oral argument on the issues, the Court **GRANTS in part** and **DENIES in part** the Motion [# 23].

I. Background

Plaintiff brought this action in state court on July 20, 2015. On August 12, 2015, Plaintiff served her First Set of Interrogatories and Request for Production of Documents on Defendant Howard Baer, Inc. ("Defendant Baer"). Defendant Baer then removed the case to this Court. On September 18, 2015, this Court entered its

-1-

Pretrial Order. The Court directed the parties to exchange Rule 26 disclosures by October 8, 2015. (Pretrial Order, Sept. 18, 2015, ECF No. 6.) The Court instructed the parties that discovery closes May 1, 2016, and that Plaintiff's expert report was due by December 1, 2015.

On October 30, 2015, Plaintiff again served her First Set of Interrogatories and Request for Production of Documents on Defendant Baer. The second discovery request contained the case heading for this Court rather than the state court from which Defendant removed this action. Defendant Baer, however, failed to respond to Plaintiff's discovery request. As a result, Plaintiff filed her Motion to Compel on January 6, 2016, seeking to compel Defendant Baer to respond to Plaintiff's discovery request. In response to the Motion to Compel, Defendant Baer produced a number of documents and responded to Plaintiff's First Set of Interrogatories on approximately January 14, 2016.

The Court then entered an Order granting Plaintiff's Motion to Compel and awarding Plaintiff her attorney fees in filing the Motion to Compel. (Order Granting Mot. Compel, Jan. 28, 2016, ECF No. 15.) The Court's Order stated:

> Upon a review of the record and the relevant legal authority, the Court finds that the imposition of sanctions is warranted in this case as a result of Defendant Howard Baer's failure to respond to Plaintiff's discovery request until after Plaintiff filed the Motion to Compel. The Court **GRANTS in part** the Motion to Compel [# 8]. The Court **DIRECTS** Defendant Howard Baer, to the extent it has not already done so, to

> respond fully to Plaintiff's First Set of Interrogatories and Request for Production of Documents within ten (10) days of the entry of this Order. The Court finds that Defendant has also waived any objections to the Plaintiff's discovery request other than objections asserting any applicable privilege.

(Id. at 4.)

Subsequently, Plaintiff filed a Motion for Sanctions. In her motion, Plaintiff contends that Defendants have failed to comply with the Court's prior Order and have failed to produce all the documents responsive to Plaintiff's prior discovery requests. Plaintiff now requests that the Court sanction Defendants by striking Defendants' Answers or affirmative defenses and compelling Defendants to provide full and complete answers. On September 28, 2016, the Court held a hearing on the motion. Having considered the parties' briefs and the argument of counsel at the hearing, the motion is now before the Court for a ruling.

## II. Analysis

As a threshold matter, the Court notes that Defendant Baer acknowledges that it inadvertently failed to produce the back side of an accident report form that Defendant Campbell filled out and failed to include the information related to a fourth accident that occurred in Memphis. The Court finds that both cases were the result of unintentional oversight on the part of Defendant Baer and were not the result of any willful failure to comply with the Court's prior Order or a willful

attempt to mislead Plaintiff. As a result, no sanctions are warranted against Defendants as a result of the failure to provide these documents and information.

In fact, the only area where the Court finds that Defendant Baer failed to comply with the Court's Order is in response to Plaintiff's request for production that sought the production of "all employment documents" and the driver qualification file of the driver of the vehicle involved in this dispute. Defendant Baer contends that it did not produce the driver's personnel file because it does not fall within the purvey of the definition of "employment documents." Defendant Baer interpreted employment documents to be limited to the documents related to the initial hiring of Defendant Campbell, not his entire personnel file. The Court finds that a common sense and ordinary interpretation of the term "employment documents" would encompass the entire personnel file, not just the documents in the personnel file that are related to the initial hiring of Defendant Campbell. Thus, the Court finds that Defendant Baer should have produced the entire personnel file for Defendant Campbell. The Court **DIRECTS** Defendant Baer to produce, the entire personnel file for Defendant Campbell within ten (10) days of the entry of this Order.

Despite finding that Defendant Baer should have produced the entire personnel file for Defendant Campbell, the Court finds that no sanctions are

warranted in this case.  The Court inquired at the hearing whether Plaintiff wanted the Court to direct Defendants to make either Defendant Campbell or Micki Davis available for re-deposition in light of the additional information disclosed to Plaintiff.  Counsel for Plaintiff, however, stated that he did not want to re-depose either individual.  Instead, Plaintiff has requested sanctions, such as striking the Answer, which are completely out of line with any failure on the part of Defendant Baer to provide the relevant information.  Moreover,  such sanctions would not withstand appellate review.   The Court finds that no sanctions are justified in this case.

Finally, the Court finds that a brief extension of the discovery period is warranted in this case.  The Court **EXTENDS** the discovery deadline in this case until November 15, 2016, and the summary judgment deadline until December 15, 2016.

**III. Conclusion**

The Court **GRANTS in part** and **DENIES in part** the Motion for Sanctions [# 23].  The Court **GRANTS** the motion to the extent it sought to compel the production of the personnel file for Defendant Campbell.  The Court **DENIES** the motion to the extent it seeks additional discovery or sanctions imposed against either Defendant.  Each side shall bear its own costs associated with the Motion for

Sanctions. The Court **EXTENDS** the discovery deadlines in this case until November 15, 2016, and the summary judgment deadline until December 15, 2016. Discovery shall remain open for both Plaintiff and Defendants.

Signed: October 18, 2016

Dennis L. Howell
United States Magistrate Judge