# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:15 CV 182

| | |
|---|---|
| MERCEDES KAMARIA POWELL McAFEE, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) ORDER<br>) |
| HOWARD BAER, INC. and KEITH LOVELL CAMPBELL, | )<br>)<br>) |
| Defendants. | )<br>) |

This matter is before the Court on a Motion for Summary Judgment (# 84) filed by Defendant Howard Baer, Inc. ("Defendant Baer"). The issues have been fully briefed, and the matter is now ripe for ruling. For the reasons addressed below, Defendant Baer's Motion for Summary Judgment is GRANTED.

I.  **Procedural Background**

On July 20, 2015, Plaintiff filed her Complaint (# 1-1) in the North Carolina General Court of Justice, Superior Court Division of Buncombe County, alleging negligence by Defendant Keith Lovell Campbell ("Defendant Campbell"), and further alleging that Defendant Baer was jointly and severally liable as Defendant Campbell's employer at the time of the collision.

On August 24, 2015, Defendants removed this case to the United States District Court for the Western District of North Carolina, Asheville Division. There is complete diversity of

citizenship between Plaintiff and Defendants.[1] The amount in controversy exceeds $75,000, exclusive of costs and interests.[2]

On August 26, 2015, Defendants filed their Answer (# 3), in which they admitted that the April 1, 2013 accident occurred, Defendant Campbell was the operator of Defendant Baer's truck that struck Plaintiff, and Defendant Campbell was an employee of Defendant Baer who was acting in the course and scope of his employment. Defendants denied that Defendant Campbell was negligent, and they affirmatively alleged contributory negligence.

On September 15, 2015, the parties consented to jurisdiction by the undersigned U.S. Magistrate Judge. After obtaining leave of court, Plaintiff filed an Amended Complaint (# 41) on November 8, 2016, in which she added a claim that Defendant Campbell was incompetent as a truck driver, Defendant Campbell's incompetence was the proximate cause of Plaintiff's injury, Defendant Baer knew or should have known that Defendant Campbell was incompetent, and Defendant Baer committed negligence in the hiring, training, and retention of Defendant Campbell as a truck driver.

In their November 17, 2016, Answer (# 45), Defendants denied that Defendant Campbell was negligent in the operation of a motor vehicle, denied that Defendant Campbell was incompetent, denied that Plaintiff was injured by Defendant Campbell's negligence or incompetence, denied that Defendant Baer was negligent in the hiring, training, or retention of defendant Campbell, and affirmatively asserted the defenses of sudden emergency and Plaintiff's

---

[1] According to the Complaint, Plaintiff is a citizen and resident of Buncombe County, North Carolina, and Defendant Campbell is a resident of Nashville, Tennessee. (# 1-1) at 1. According to Defendants' Notice of Removal, Defendant Baer is a Delaware Corporation with its principal offices in Nashville, Tennessee and terminals for loading and unloading refrigerated trailers in the following states: Michigan, Ohio, Illinois, Kentucky, Tennessee, Georgia, South Carolina and Alabama. (# 1) at 3. Defendant Baer has no facilities located in North Carolina. Id.

[2] Defendant Baer has been notified of a subrogation claim against Defendants by the workers compensation carrier for Plaintiff's employer claiming that over $45,000 is attributable to medical expenses in connection with the April 1, 2013, accident. (# 1) at 4.

contributory negligence in causing any injury.

On May 24, 2017, Plaintiff filed her Second Amended Complaint (# 75), in which she added the following allegations: Defendant Baer was negligent as owner by entrusting possession and operation of its vehicle to Defendant Campbell when Defendant Baer knew or should have known that Defendant Campbell was incompetent in the operation of such a vehicle, such conduct by Defendant Baer was willful and wanton, and Plaintiff sought recovery of punitive damages.

In their June 6, 2017, Answer (# 77), Defendants admitted that Defendant Baer owned and entrusted the commercial vehicle to Defendant Campbell on April 1, 2013, but they denied that Defendant Baer was negligent and willful and wanton in the entrustment of a commercial motor vehicle to Defendant Campbell to operate that day. Defendants affirmatively alleged the defenses of sudden emergency and Plaintiff's contributory negligence.

On October 1, 2017, Defendant Baer filed the instant Motion for Summary Judgment (# 84) and Memorandum in Support (# 86-1, 86-2). On October 16, 2017, Plaintiff filed a Memorandum in Opposition (# 88). Defendant Baer filed a Reply (# 89) on October 23, 2017.

## II. Factual Background

The facts, viewed in a light most favorable to Plaintiff,[3] are as follows: On April 1, 2013, around 9:07 a.m., in Asheville, North Carolina, Plaintiff was operating a 2012 Chevrolet traveling south on I-26 at or near mile marker 33. As Plaintiff slowed down for the traffic ahead, Defendant Campbell hit Plaintiff's rear end. The crash occurred with Campbell's truck going approximately ten miles per hour. Plaintiff's vehicle was pushed into the back of the vehicle directly in front of her.

Following the accident, Officer P.J. Morgan, an officer with the North Carolina State

---

[3] When ruling on a motion for summary judgment, a court must view the record in the light most favorable to the non-moving party. Perini Corp v. Perini Constr., Inc., 915 F.2d 121, 124 (4th Cir. 1990).

3

Highway Patrol, issued Defendant Campbell a citation for failing to reduce speed.  Plaintiff alleges that Defendant Campbell was negligent and caused the accident.  Plaintiff further alleges that the accident caused her to suffer personal injuries.

Plaintiff argues Defendant Campbell was an employee of Defendant Baer and acting within the course and scope of his employment at the time of the accident.  Plaintiff further argues that Defendant Baer's internal personnel file reflects a pattern and practice of violating traffic and safety laws in a manner that endangers the public and led to the accident on April 1, 2013.  Plaintiff seeks punitive damages, on the basis that Defendant Baer's actions were malicious, willful, and wanton and done with reckless and wanton disregard for Plaintiff's rights.

### III. Legal Standard[4]

Summary judgment should be granted pursuant to Federal Rule of Civil Procedure 56 "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A factual dispute is deemed genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A fact is material if it might affect the outcome of the suit under the governing law.  Id.

The party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact."  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  If the moving party has met that burden, the nonmoving party then

---

[4] Plaintiff's statement of the summary judgment standard, which includes both a State and federal application, misses the mark.  See Fox v. Massachusetts Bay Ins. Co., No. 2:13-CV-2567-JTF-dkv, 2015 WL 10791983, at *2 (W.D. Tenn. Feb. 23, 2015) ("Federal Rule of Civil Procedure 56 provides the standard for deciding summary judgment motions in cases premised on state law claims that are heard in federal court based on diversity jurisdiction.") (citing Biegas v. Quickways Carriers, Inc., 573 F.3d 365, 374 (6th Cir. 2009)).

4

must persuade the court that a genuine issue remains for trial. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 585-86 (1986). Disposition by summary judgment is only appropriate when the record could not lead a rational trier of fact to find in favor of the nonmoving party. Monahan v. Cty. of Chesterfield, 95 F.3d 1263, 1265 (4th Cir. 1996).

## IV. Discussion

### A. There are no genuine issues of material fact on Plaintiff's claim against Defendant Baer for negligent hiring, training, and retention.

To prove that a defendant exercised negligence in retention and supervision of an employee, a plaintiff must establish that the incompetent employee committed a tortious act resulting in injury to the plaintiff, and prior to the act, the employer knew or had reason to know of the employee's incompetency. Wilkerson v. Duke University, 748 S.E.2d 154, 160 (N.C. App. 2013) (citing Smith v. Privette, 495 S.E.2d 395, 398 (N.C. App. 1998) (citation omitted)).

In the instant case, Plaintiff's Memorandum in Opposition is full of assertions of fact and conclusions that are belied by the record before this Court. For instance, Plaintiff asserts that Defendant Baer "shows reckless indifference to hiring, training or retaining safe tractor trailer drivers, including Defendant Campbell." Mem. Oppos. (# 88) at 5. This conclusion is not supported by the record.

In his deposition testimony, Defendant Campbell stated that he attended truck driving school for four weeks and passed the written and driving tests on the first attempt. Def. Campbell's Dep. (# 85-1) 11-12, 14. A week after graduation, in approximately 2008, Defendant Campbell went to work driving a flatbed trailer for Arrow Trucking. Id. at 11, 14-15. Defendant Campbell drove for Arrow Trucking until they closed down. Id. at 15. Defendant Campbell took a five to six month break and then started working for Defendant Baer. Id. Defendant Campbell stated that

prior to the crash on April 1, 2013, he had never been involved in a wreck that he caused.[5]  Id. at 17.

Defendant Campbell explained that Defendant Baer required him to have a physical examination when he applied to work.  Id. at 19.  Defendant Campbell was "pretty sure" Defendant Baer also conducted a background check on him.  Id. Defendant Baer requires Defendant Campbell to have a physical every two years.  Id. at 20.  Defendant was under the impression that Micki Davis ("M. Davis"), an employee of Defendant Baer who was in charge of truck drivers' safety, conducted a driving record check prior to his employment.  Id.  Also prior to being hired by Defendant Baer, Defendant Campbell was given a drug test.  Id. at 21.  Since being hired, Defendant Campbell has been subjected to random drug tests.  Id.

Defendant Campbell stated that his training with Defendant Baer took a hands-on approach.  Id. at 22.  Defendant Campbell explained that his uncle, Calvin Flowers, trained him.  Id. at 21-22.  Defendant Campbell also testified that he was trained by M. Davis's husband, Butch Davis.  Id. at 22-23.  Defendant Campbell explained that they made sure he knew how to drive a truck and all the components of a truck.  Id. at 22.  After training with employees for approximately two months, Defendant Campbell got his own truck.  Id. At that time, Defendant Campbell, had a year and a half to two years of commercial trucking experience with Arrow Trucking.  Id. at 23.

Defendant Campbell stated that his trainers at Defendant Baer gave him a safety manual the day he was hired and reviewed it with him.  Id. at 79.  Defendant Campbell further stated that Defendant Baer also gave him a rule book, which is the same thing as the Federal Motor Carrier Safety Regulations.  Id. at 80-81.

Defendant Campbell stated that prior to being released on his own, he was taken on a

---

[5] Defendant Campbell explained that he has been involved in two wrecks where he was not at fault.  Def. Campbell's Dep. (# 85-1) at 17.

driving course to make sure he knew what was going on with the truck. Id. at 83. Defendant Campbell explained that he was also trained on how to maintain log books in the truck. Id. at 86.

During the course of his employment, Defendant Campbell attended safety meetings that Defendant Baer offered. Id. at 84. Defendant Baer had Defendant Campbell submit his driver log books every Sunday night. Id. at 87.

In her first set of interrogatories, Plaintiff asked Defendant Baer to list the traffic violations committed by Defendant Campbell while employed by Defendant Baer or during prior employment. (# 86-2) at 2. Defendant Baer responded with the following: (1) on March 12, 2014, Defendant Campbell plead guilty to driving in the improper lane on January 31, 2014; (2) on December 2, 2011, Defendant Campbell plead guilty to improper backing on October 24, 2011; and (3) on October 18, 2011, Defendant Campbell plead guilty to a violation of a High Occupancy Vehicle lane restriction on September 20, 2011.[6] Id.

At the outset, the Court notes that Defendant Campbell's traffic violations, as outlined above, are not the quality or quantity that would give this Court cause to believe there was negligence in hiring or retention. Moreover, the first violation, which occurred on January 31, 2014, took place after the accident at issue in this case. Thus, the first violation is not relevant to the determination of whether there was negligence when Defendant Campbell was hired on April 11, 2011. Def. Campbell's Dep. (# 85-1) at 89.

Also, in plaintiff's first set of interrogatories, she asked Defendant Baer if it had knowledge of any hours of service violations committed by Defendant Campbell, either while employed by Defendant Baer or prior to such employment. (# 86-2) at 3. Defendant Baer responded that it had

---

[6] Defendant Baer also noted that Defendant Campbell received a citation on April 1, 2013 for failure to reduce speed to avoid a collision, plead not guilty, and the matter is pending in Buncombe County, North Carolina. (# 86-2) at 2.

7

no knowledge of any hours of service violations.[7]

In Plaintiff's request for production of documents, she asked Defendant Baer to produce all documents relating to any drug tests administered to Defendant Campbell or relating to him reporting for duty while having an alcohol concentration of 0.04% or greater. (# 86-2) at 7. Defendant Baer responded that the personnel file provided to Plaintiff's counsel on July 19, 2016, included a pre-employment urine drug screen that was negative. Id.

Next, Plaintiff contends that Whitney Morgan ("Morgan"), her retained Motor Carrier Safety expert, has opined that Defendant Baer failed to take adequate action in response to Defendant Campbell's pre-accident convictions and/or violations. (# 88) at 11-12. A review of Morgan's report provides little more than an invitation for this Court to speculate with respect to what Defendant Baer should have done differently and how this played a potential role in the April 1, 2013, accident.

Moreover, Plaintiff refers to Morgan's deposition testimony and report to suggest that they create a genuine issue of material fact regarding whether Defendant Baer acted maliciously or recklessly in its hiring and training of Defendant Campbell. (# 88) at 13-14. Plaintiff, however, fails to point to anything in Morgan's deposition testimony or report that supports such a finding.

In sum, the Court finds that there are no genuine issues of material fact with respect to Plaintiff's claim against Defendant Baer for negligent hiring, training, and retention. Therefore, Defendant Baer is entitled to summary judgment on this claim.

**B. There are no genuine issues of material fact on Plaintiff's claim for negligent entrustment.**

A plaintiff establishes negligent entrustment when the owner of an automobile entrusts its operation to an individual he knows or should know is an incompetent or reckless driver. Tart v.

---

[7] On November 21, 2011, Defendant Campbell was advised of discrepancies in his driving logs. Id. at 3.

Martin, 540 S.E.2d 332, 334 (N.C. 2000). Based on a theory of his own negligence, the owner is liable for any injury or damage proximately caused by the borrower's negligence. Id.

In Tart, 540 S.E.2d at 332, the North Carolina Supreme Court addressed whether the trial court improperly granted summary judgment on the issue of negligent entrustment where, as a matter of law, the defendant's only moving violation was more than two years prior to the collision and his no-fault involvement in three accidents support a conclusion that he was an incompetent or reckless driver who was likely to injure others. Id. at 334. The North Carolina Supreme Court concluded that it was not error, and that the defendant's record would not, as a matter of law, support a conclusion that he was so likely to cause harm to others by entrusting a motion vehicle to him rose to the level of negligent entrustment. Id.

In the instant case, Plaintiff argues that Defendant Campbell's driving history indicates that he was not competent to safely operate the vehicle Defendant Baer entrusted to him. (# 88) at 10. Plaintiff further argues that there is no evidence Defendant Baer disciplined Defendant Campbell for repeated driving violations, citations, or log book issues. Id. In particular, Plaintiff contends that Defendant Campbell had the following "violations" prior to the April 1, 2013, accident:

- Improper backing;
- Speeding;
- Violation of HOV lane;
- Failure to obey traffic signal;
- Illegally talking on a cell phone while running a red light;
- Inaccurate driver logs and/or speeding (three occasions); and
- Compliance notification/logging violations

Id. at 14-15.

9

Plaintiff has misstated the facts by suggesting that each of the foregoing are "violations" committed by Defendant Campbell. A review of the record before this Court reveals the following: When Defendant Campbell was employed by Defendant Baer on April 11, 2011, it was determined that in the three years prior, he had <u>one</u> speeding violation, which occurred in Kentucky in August 2008. (# 86-2) at 60, 62. In the two years between Defendant Campbell's hiring and the April 1, 2013, accident, he received two citations in Georgia: one for violating an HOV lane in September 2011, and one for improper backing in October 2011. (# 86-2) at 25. Both of these citations were reflected in the annual driving records that Defendant Baer obtained. <u>Id.</u>

In the two years between Defendant Campbell's hiring and the date of the accident, Defendant Baer advised Defendant Campbell on June 23, 2011, that his logs <u>indicated</u> that he was traveling at an average speed of 75.56 mph over a 340-mile distance on May 9, 2011, and at an average speed of 90 mph over a distance of 585 miles on May 12, 2011. The notification stated, "The drivers logs listed below indicate that you were traveling in excess of 68 M.P.H. average speed, This can only be achieved by driving over the interstate speed limit. We cannot allow any driver to break state or federal laws. Consequently, I must warn you that we will not accept logs with this violation again. Failure to comply may lead to more severe action. Sincerely, Micki Davis, Safety Director. Howard Baer Inc." (# 86-2) at 72.

On November 21, 2011, Defendant Campbell was given a "Compliance Notification – Logging Violations" indicating that review of his logs showed that he used an improper driver code on his logs of November 5, 2011, November 9, 2011, and November 12, 2011. (# 86-2) at 70-71.

On March 6, 2013, Defendant Campbell received notification that his physical examination certificate was set to expire on March 31, 2013, which stated, "We cannot allow any driver to

10

break state or federal laws. Please send a copy of your physical to us immediately. If you do not obtain a valid physical we will have to give you time off to get one. Thank you, we appreciate your help. Sincerely, Micki Davis, Safety Director. Howard Baer, Inc." Id. at 68. An updated physical examination certificate, which was dated March 31, 2011, was provided to Defendant Baer and maintained in Defendant Campbell's driver qualification file. Id. at 65.

On January 6, 2012, Defendant Baer received a facsimile, which was purportedly from North Carolina Department of Motor Vehicles Officer Anthony DeForge that indicated while he was off-duty on January 6, 2012, he witnessed a Defendant Baer truck driver run a red light while talking on a cell phone. Id. at 75-77. The truck number provided was matched to the truck assigned to Defendant Campbell. Id. Safety Director M. Davis indicated that Defendant Campbell read the fax, but stated that he only uses a hands-free phone. Id.

In light of the foregoing evidence, it is clear that Defendant Baer was not negligent in entrusting Defendant Campbell with a truck. The court finds that there are no genuine issues of material fact with respect to Plaintiff's claim against Defendant Baer for negligent entrustment. Consequently, Defendant Baer is entitled to summary judgment on this claim.

### C. There no genuine issues of material fact regarding Plaintiff's request for punitive damages.

Plaintiff argues that Defendant Baer ignored the obvious safety issues with Defendant Campbell's driving. (# 88) at 20. Plaintiff further argues that Defendant Baer knew or should have known that the violations and citations made Defendant Campbell more likely to be involved in an accident. Id. Plaintiff concludes that Defendant Baer's decision to ignore the safety issues and continue to provide Defendant Campbell with a tractor trailer rises to the level of being in "conscious and intentional disregard of and indifference to the rights and safety of others." Id. (quoting Hinson v. Dawson, 92 S.E.2d 393, 397 (N.C. 1956)).

Plaintiff has alleged that she is entitled to punitive damages pursuant to N.C. Gen. Stat. § 1D-15, et seq. Second Am. Compl. (# 75) ¶ 61. Pursuant to § 1D-15, a plaintiff seeking punitive damages must prove one of the following aggravating factors by clear and convincing evidence: (1) fraud, (2) malice, and (3) willful or wanton conduct. N.C.G.S. § 1D-15(a), (b); <u>Seraph Garrison, LLC ex rel. Garrison Enterprises, Inc. v. Garrison</u>, 787 S.E.2d 398, 411 (N.C. App. 2016). "Willful or wanton conduct" refers to "the conscious and intentional disregard of and indifference to the rights and safety of others, which the defendant knows or should know is reasonably likely to result in injury, damage, or other harm." N.C.G.S. § 1D-5(7). Punitive damages can be awarded against a corporation only if "the officers, directors, or managers of the corporation participated in or condoned the conduct constituting the aggravating factor giving rise to punitive damages." N.C.G.S. § 1D-15(c); <u>George v. Greyhound Lines, Inc.</u>, 708 S.E.2d 201, 208 (N.C. App. 2011).

In this case, Plaintiff has failed to point to any evidence of "willful or wanton conduct." Rather, as each purported "violation" has been addressed and explained above, the Court declines to find that there has been a showing of any sort of willful or wanton conduct. Accordingly, Defendant Baer is entitled to summary judgment on the issue of punitive damages.

## V.  Conclusion

In light of the foregoing, Defendant's Baer's Motion for Summary Judgment (# 84) is GRANTED.

Signed: January 12, 2018

*[Signature: Dennis L. Howell]*

Dennis L. Howell
United States Magistrate Judge