# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
### 1:15CV182

| | | |
|---|---|---|
| MERCEDES KAMARIA POWELL McAFEE, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | ORDER |
| HOWARD BAER, INC. and KEITH LOVELL CAMPBELL, | ) ) ) ) | |
| Defendants. | ) ) | |

This matter is before the Court following the February 8, 2018, pretrial conference before the undersigned. At the pretrial conference, the Court ruled on the parties' Motions in Limine (# 93, 95). Issue Numbers One, Two, and Four of Defendants' Motion to Limine were to be addressed by written order to follow. The Court will now address each in turn.

**Issue Number One**
**Defendants move to exclude or limit presentation of the following: Any testimony or evidence from Plaintiff's expert Whitney Morgan, or argument from counsel based on such evidence, to the effect that Defendant Campbell had traffic citations for speeding and driving in an improper lane prior to the April 1, 2013, collision and/or that Defendant Campbell was statistically more likely at the time of that collision to be involved in an accident while driving a commercial vehicle, by virtue of having received those citations.**

Pursuant to Federal Rule of Evidence 401, "[e]vidence is relevant if it has any tendency to make a fact more or less probable then it would be without the evidence." Federal Rule of Evidence 402 provides that evidence which is irrelevant is not admissible. Federal Rule of Evidence 404(a) generally prohibits the admission of character evidence for the purpose of providing action in conformity therewith on a particular occasion. Federal Rule of Evidence 404(b) provides that "[e]vidence of a crime, wrong, or other act is not admissible to prove a

person's character in order to show that on a particular occasion the person acted in accordance with the character." Federal Rule of Evidence 403 provides that even though relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.

The evidence Defendants seek to preclude is propensity evidence. Plaintiff argues that admission is appropriate under Federal Rule of Evidence 404(b) to show an absence of mistake or accident. Pl.'s Oppos. (# 97) at 3. The Court is not persuaded.

Plaintiff further argues that Federal Rules of Evidence 607 and 608 allow such evidence of prior actions for impeachment purposes and to challenge a witness's credibility. Id. at 3-4. Rules 607 and 608 set forth the permissible methods and uses of character evidence of a witness. In particular, Rule 607 addresses "who" may impeach a witness. See Fed. R. Evid. 607. As for Rule 608, subsection (b) is seemingly applicable and provides as follows:

> **(b) Specific Instances of Conduct**. Except for a criminal conviction under Rule 609, extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness. But the court may, on cross-examination, allow them to be inquired into if they are probative of the character for truthfulness or untruthfulness of:
> **(1)** the witnesss; or
> **(2)** another witness whose character the witness being cross-examined has testified about.

Fed. R. Evid. 608(b).

Rule 608(b) explicitly allows questions on cross examination designed to be probative of truthfulness. United States v. Garnes, 587 F. App'x 60, 61-62 n.1 (4th Cir. 2014) (citing United States v. Smith, 451 F.3d 209, 223 (4th Cir. 2006) ("[T]he rules of evidence permit cross-examination of a witness about specific instances of conduct if probative of truthfulness [and] the trial court has wide discretion to decide whether (and to what extent such questioning is proper and relevant.)).

2

In sum, Defendants' Motion in Limine, as it relates to Issue Number One, is GRANTED to the extent that Plaintiff seeks to argue that Defendant Campbell had traffic citations for speeding and driving in an improper lane prior to the April 1, 2013, collision and/or that Defendant Campbell was statistically more likely at the time of that collision to be involved in an accident while driving a commercial vehicle, by virtue of having received those citations. Defendants' Motion in Limine is DENIED under Rule 608(b) to the extent that Defendant Campbell testifies and specifically opens to the door regarding his prior traffic violations.

**Issue Number Two**

**Defendants move to exclude or limit presentation of the following: Any testimony or evidence from Plaintiff's experts Whitney Morgan and/or Steven Farlow, or argument of counsel based on such evidence, to the effect Defendant Campbell, at the time of the collision at issue, "violated" the "standard of care for commercial truck drivers."**

Plaintiff argues that 14 C.F.R. § 383 and the Tennessee Commercial Driver's License Manual applied to Defendant Campbell on the day of the collision. Pl.'s Oppos. (# 97) at 6-9. The Court is not persuaded. The Court has not located a single case to support Plaintiff's argument that Defendant Campbell had a heightened standard of care on the roads of North Carolina because he is a commercial truck driver. Plaintiff's counsel conceded during the pretrial conference that the applicable standard of care would be outlined by the Court in the jury instructions.

"To prevail on a claim of negligence in North Carolina, a plaintiff must show the essential elements of duty, breach, proximate cause, and damages." PLS Investments, LLC v. Ocwen Loan Servicing, LLC, 699 F. App'x 166, 167 (4th Cir. 2017) (citing Ward v. Carmona, 770 S.E.2d 70, 72 (N.C. 2015)). Therefore, Plaintiff shall not make any argument that deviates from this negligence standard at trial. Defendants' Motion in Limine, as it relates to Issue Number Two, is GRANTED.

### Issue Number Four

**Defendants move to exclude or limit presentation of the following: Any testimony or evidence from Plaintiff's experts Whitney Morgan and/or Steven Farlow, or argument of counsel based on such evidence, to the effect that Defendant Campbell could not have impacted the rear of the vehicle Plaintiff was operating at the time of the collision in the absence of a failure on Defendant Campbell's part to exercise ordinary and reasonable care under the circumstances or in the absence of one or more "violations" of the "standard of care for a professional truck driver."**

The Court has reviewed <u>Ward v. Damico</u>, 80 F. App'x 877 (4th Cir. 2003) (per curiam), the case cited by Plaintiff in support of his position on this issue. <u>Ward</u> is a diversity case involving injuries arising from an accident where the vehicles collided in Maryland. <u>Id.</u> at 878. At trial, the plaintiff had an accident reconstruction expert testify, and he opined as follows:

> [The plaintiff] would have been unable to avoid the collision even if he had been traveling at a lawful rate of speed. He explained that motorcycles have less braking capacity than a car, and that a motorcyclist has a slower perception time than the driver of a car. Finally, he concluded that based on the physical evidence, it would have been impossible for [the plaintiff] to have completed the pass at the location and in the manner described by [another witness who testified at trial].

<u>Id.</u> at 880.

The jury found that both parties had acted in a negligent manner proximately causing the accident. <u>Id.</u> The U.S. District Court for the District of Maryland entered judgment in favor of the defendant. <u>Id.</u> On appeal to the Fourth Circuit Court of Appeals, the District Court was affirmed. <u>Id.</u>

As noted, Plaintiff's argument that Defendant Campbell, as commercial truck driver, had a heightened standard of care, must fail. Therefore, Plaintiff's experts may not argue that in the absence of "violations" or the "standard of care for a professional truck driver," Defendant could not have impacted the rear of the vehicle Plaintiff was operating. Consequently, Defendants' Motion in Limine, as it relates to Issue Number Four, is GRANTED.

Signed: February 12, 2018

*Dennis L. Howell*
Dennis L. Howell
United States Magistrate Judge